UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DOYE L. HEARD,
a/k/a DOYLE L. HEARD
    Plaintiff,

v.                                          Case No.  4:19cv17-RH-CJK

PUBLIX SUPERMARKETS, INC., et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Doyle Heard ("Heard"), a prisoner with the Florida Department of Corrections proceeding *pro se*, has filed a notice of removal of two cases from the Florida First District Court of Appeal ("First DCA"): Case No. 1D17-4941 and Case No. 1D17-3935. (Doc. 1). For the reasons that follow, the undersigned recommends that the cases be summarily remanded to the state court.

In November 2015, Heard filed two civil tort actions against Publix Supermarkets, Inc. and New Leaf Markets, Inc. (Doc. 1, p. 1). After the state circuit court issued rulings apparently adverse to Heard, he filed two separate certiorari petitions in the First DCA seeking review of the orders. (Doc. 1). Heard now seeks to remove the review proceedings to this court. Heard's notice of removal, dated January 2, 2019, was not accompanied by the filing fee or a copy of any process, pleadings or orders from the state court actions.

The general removal statute, 28 U.S.C. § 1441, provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed <u>by the defendant or the defendants</u>, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a) (emphasis added); *see also* 28 U.S.C. § 1443 (authorizing removal "by the defendant" of civil rights cases). "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

The plain language of the removal statute vests the right of removal exclusively in defendants. *See* 28 U.S.C. § 1441(a); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 106-07 (1941) (holding that Congress intentionally removed the phrase "either party" from the federal removal statutes to limit the power of removal to "the defendant or defendants" in a suit); *F.D.I.C. v. S & I 85-1, Ltd.*, 22 F.3d 1070, 1072 (11th Cir. 1994) (holding that under the general removal statute, a plaintiff cannot remove an action from state to federal court); *Conner v. Salzinger*, 457 F.2d 1241, 1243 (3d Cir. 1972) (same); *Oregon Egg Producers v. Andrew*, 458 F.2d 382 (9th Cir. 1972) ("A plaintiff who commences his action in a state court

cannot effectuate removal to a federal court even if he could have originated the action in a federal court . . . ."); *see also MPAC, LLC v. District of Columbia*, 181 F. Supp. 3d 81 (D. D.C. 2014) (same as to party who sought to remove a petition for review he filed in the state appellate court seeking review of the lower state tribunal's decision), *aff'd*, 2014 WL 4628997 (D.C. Cir. Aug. 11, 2014).

Because Heard instituted the state court proceedings – as petitioner in the First DCA and as plaintiff in the lower tribunal – he is not authorized by law to remove the civil actions under 28 U.S.C. §§ 1441(a) or 1443. This court must remand the cases to the Florida First District Court of Appeal. *Cf. Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001) ("There are several . . . bright line limitations on federal removal jurisdiction . . . that some might regard as arbitrary and unfair. Such limitations, however, are an inevitable feature of a court system of limited jurisdiction that strictly construes the right to remove.").

Accordingly, it is respectfully RECOMMENDED:

1. That the state court cases Heard seeks to remove, Case No. 1D17-4941 and Case No. 1D17-3935, be REMANDED to the Florida First District Court of Appeal.

2.  That the clerk be directed to close this file.

At Pensacola, Florida this 9th day of January, 2019.

*/s/* *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.